REQUESTED BY: Jerry McDole, Webster County Attorney
Does a county hospital board have the power to borrow money under §§ 23-343 through 23-343.14?
No.
You have submitted to us a question based upon the following facts. The Webster County Community Hospital in Red Cloud is a county hospital partially supported by county tax revenues. The financial condition of the hospital is in a deteriorated condition. The hospital board has contracted for professional services in administering the hospital. The administrator is seeking to make certain changes which appear to be authorized by LB 260, Eighty-seventh Legislature, First Session. That bill amended § 23-343.01 and 23-343.03. The first amendment authorizes the hospital board of trustees to nominate one of their members as treasurer. It further added the following language to § 23-343.03:
 The board of trustees shall also have the following powers: (1) To expend hospital operating funds for the reimbursement of the reasonable expenses of persons interviewed or retained for employment or medical staff appointment; and (2) all powers and authority granted to the boards of nonprofit corporations under Chapter 21, article 19, except to the extent that those powers are inconsistent with Chapter 23, article 3, or are specifically prohibited by law.
Your county hospital administrator has contacted a local bank in an effort to establish a line of credit. He proposes to borrow money to meet operating expenses. The bank is reluctant to make the loan because they believe there is a conflict between the provisions of § 23-343.03 as amended by LB 260 and the provisions of § 23-343.14. Section23-343.14 provides:
 All claims against such facility or facilities as provided by section 23-343, may be paid by warrants, duly drawn on the treasurer of such facility or facilities, signed by the superintendent and countersigned by the chairman and secretary of the board of trustees. When such warrants have been issued and delivered, they may be presented to the treasurer of such facility or facilities, and, if such be the fact, endorsed not paid for want of funds. Such warrants shall be registered by the treasurer of such facility or facilities in the order of presentation. They shall draw interest at a rate not to exceed seven per cent per annum from the date of registration thereof. All warrants issued before April 13, 1974 at a stated interest rate of less than seven per cent shall be valid and binding for the purposes for which such warrants were issued.
Chapter 21, Article 19 sets forth the powers and duties of nonprofit corporations. In essence, those powers granted to a nonprofit corporation are nearly the same as the powers granted to any corporation with some narrowly drawn and not pertinent exceptions. For instance, § 21-1904 provides: nonprofit corporations can be sued or sue, to lend money to its employees other than officers or directors, to purchase and deal in shares, interests or obligations of other foreign or domestic corporations, to borrow money at such rates of interest as the corporation may determine to issue notes, bonds and other obligations and to secure such obligations by mortgage or pledge of any or all property, franchises, or income to conduct its affairs, carry on its operations and to have offices and exercise powers granted by the provisions of Chapter 21, Article 19 in any state, territory, district, or possession of the United States or any foreign country, and to have and exercise all powers necessary or convenient to effect any or all of the purposes for which the corporation is organized. See, § 21-1904 (Reissue 1977). As a general proposition, a county hospital is a governmental subdivision, and as such it has only such powers as are specifically granted to it by the Legislature or by necessary implication required in the operation of the duties imposed upon it. This observation was made in Opinion No. 310, Report of the Attorney General, 1979-1980, in response to a question as to whether or not the county hospitals could expend money for purposes of physician recruitment or to provide scholarships for student nurses or loan hospital funds to student nurses. In the course of that opinion, we stated: `The statutory provisions concerning county hospitals is a special act, and the authority of the board of trustees must be found in the act for beyond those acts and duties provided in the act itself, the board of trustees is powerless.' That of course reiterated a statement made in an earlier Attorney General's Opinion.
In the current situation, the amendment to § 23-343.03
refers to and appears to incorporate all of the powers granted to a nonprofit corporation under Chapter 21, Article 19. With the proviso, of course, those powers which are inconsistent with Chapter 23, Article 3 or specifically prohibited by law are not granted to county hospital authorities.
One of the powers granted to nonprofit corporations is the power to borrow money. The question to be answered then is whether or not that power is inconsistent with Chapter 23, Article 3, and we believe that it is inconsistent. Section23-343.14 specifically sets forth the manner in which claims made for which funds do not exist are to be paid. That is by registered warrant. We believe that this tends to militate against an implied power to borrow money which would otherwise be specifically prohibited to a county hospital as a general governmental subdivision.
Additionally, we note that § 23-343.03 requires a vote of the people where any expenditure is to be made for additions, improvements, or equipment purchases are contemplated when the value exceeds 50 per cent of the original facility, facilities, or equipment costs. This act contemplates that the hospital will be funded out of operating revenues and where necessary appropriations from the general fund made by the county board. We do not see that the broad grant of powers made in the recent amendment would set up such hospitals as having the authority to encumber governmental property other than specifically set forth in the establishing statutes.
Very truly yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General